**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LAWRENCE ENWEZE** ) | |
| 12430 Park Potomac Avenue ) | |
| Unit 417 ) | |
| Potomac, MD  20854 ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| v. ) | (Jury Trial Demanded) |
| ) | |
| **DENIS MCDONOUGH, SECRETARY** ) | |
| **U.S. DEPARTMENT OF VETERANS** ) | |
| **AFFAIRS** ) | |
| 810 Vermont Ave ) | |
| Washington, D.C. 20420 ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

**COMPLAINT**

Plaintiff, Dr. Lawrence Enweze ("Dr. Enweze" or "Plaintiff"), by and through his

undersigned counsel, brings this Complaint against Denis McDonough, Secretary of Veterans

Affairs ("Defendant"), by averring as follows:

**INTRODUCTION**

1. This is an action brought by a current employee of the United States Department

of Veterans Affairs ("VA" or "Agency") for disability discrimination due to a failure to

reasonably accommodate Dr. Enweze.

2. Dr. Enweze's claims arise pursuant to Section 501 of the Rehabilitation Act of

1973, 29 U.S.C. §§ 701, *et seq.* ( "Rehab Act"), which provides a federal employee the right to

file suit in federal court against the head of a federal governmental agency to address

discrimination in the terms and conditions of employment.

1

3.       Dr. Enweze, a qualified individual with a disability, seeks injunctive relief, compensatory damages, attorney's fees, and costs for violations.  These claims, supporting facts and damages set forth in this action are referred as the "Lawsuit."

## PARTIES

4.       Dr. Enweze is an adult who at all times relevant to this lawsuit, was an employee of Defendant within the meaning of the Rehab Act.

5.       Defendant, Denis McDonough, is the Secretary of Veterans Affairs and therefore is an "employer" and agency or department head within the meaning of the Rehab Act.

## SUBJECT MATTER JURISDICTION AND VENUE

6.       Jurisdiction of this matter arises under 28 U.S.C. § 1331 with federal questions involving the Rehabilitation Act.

7.       Venue is proper in the District of Columbia under 28 U.S.C. § 1391(e)because Defendant is in and Plaintiff worked in Washington, D.C.

## ADMINISTRATIVE UNDERTAKINGS

8.       Dr. Enweze initiated the EEO informal complaint process when he contacted Defendant's EEO Office on November 15, 2021, alleging disability discrimination due to Defendant's denial to reasonably accommodate him and failure to engage in the interactive process.  Dr. Enweze received his rights and responsibilities notice on December 7, 2021.  On December 14, 2021, Defendant provided Dr. Enweze his notice of right to file a formal EEO Complaint.  Dr. Enweze filed his formal EEO complaint on December 23, 2021 with the Office of Resolution Management (ORM), alleging disability discrimination due to a failure to reasonably accommodate him and a failure to engage in the interactive process.

9.      By correspondence date April 25, 2022, Defendant accepted the complaint for investigation and assigned a case number of 2004-688-2022-143061.

10.      The agency investigated Dr. Enweze's allegations.  During the investigation, Dr. Enweze addressed ongoing like or related matters.  A Report of Investigation ("ROI") was thereafter prepared in connection with the investigation.  Upon the conclusion of the ROI, Dr. Enweze was provided the option of electing an EEOC Hearing or seeking a Final Agency Decision ("FAD").

11.      Dr. Enweze initially elected a hearing within thirty (30) days but later decided to stop the hearing process and seek a Final Agency Decision ("FAD").

12.      On December 15, 2022, Dr. Enweze received Defendant's FAD, dated December 15, 2022.  In the FAD, Defendant provided Dr. Enweze notice that he had 90 days from receipt of the letter to initiate a civil action in an appropriate federal district court.  The deadline to file a lawsuit is March 15, 2023.

13.      All conditions precedent necessary to file this Lawsuit have been met and this action is timely filed.

## FACTS

14.      Dr. Enweze is employed as a Clinician Physician in the Emergency Department ("ED") at the Washington VA Medical Center ("VAMC") located in Washington, D.C.

15.      Dr. Enweze commenced his employment at the VAMC in 2008.  Throughout his approximate thirteen-year career at VMAC, Dr. Enweze has been treated as a fee-basis physician for the VAMC.

16.      Dr. Philip Seton ("Dr. Seton"), Chief of the Emergency Department, for all times pertinent to this Lawsuit, has been Dr. Enweze's first line supervisor. Dr. Charles Faselis ("Dr.

Faselis") was the Chief of Medicine and is now the Chief of Staff.  For all times pertinent to this Lawsuit, Dr. Faselis has supervised both Dr. Enweze and Dr. Seton.

17.    Dr. Enweze has disabilities of a traumatic lower back injury with bilateral Sciatica and Traumatic knee injury.These conditions are permanent.  For Dr. Enweze, physical activities are limited due to these disabilities, which cause considerable pain.  Due to these disabilities, Dr. Enweze sought certain reasonable accommodations from Defendant.

18.    In May, 2021, Dr. Enweze initiated a Reasonable Accommodation request wherein he requested he requested a parking space close to the medical facility and to be paired with another physician so that Dr. Enweze could have assistance lifting and moving patients while providing treatment.

19.    Over the next several months Dr. Seton and the Local Reasonable Accommodation Coordinator, Tamrica McCarthy, met with Dr. Enweze to discuss the requested accommodations.

20.    Finally, after many months, Defendant approved a closer parking space for Dr. Enweze and a stand-up desk.  However, instead of providing any of the other requested accommodations, Dr. Seton reacted by suggesting that Dr. Enweze be moved to another department.

21.    Dr. Seton and management had known about Dr. Enweze's disabilities since February 2018 (back injury) and July 2018 (knee).

22.    Despite Dr. Enweze's continued requests, Dr. Seton and management continued to refuse to pair Dr. Enweze with another physician or any other medical professional who could assist him with lifting.

23.     Ultimately, management, including Dr. Seton, would only agree to allow Dr. Seton to ask for assistance when he needed it and *if someone was available*, they could assist as needed.

24.     Defendant, therefore, was offering nothing more than what had been in place throughout Dr. Enweze's employment.  Dr. Enweze would not be assured any help when needed.

25.     During one of the many meetings pertaining to Dr. Enweze's reasonable accommodation request, Dr. Seton stated that any physician assigned to the Emergency Room, needed to be at 100% physically.

26.     Dr. Seton's statement reflected his very clear mindset that he did not want a physician who was not at 100% working in the ER and that Dr. Enweze's requests for reasonable accommodation indicated that Dr. Enweze was not at 100%.

27.     Due to Defendant's failure to provide Dr. Enweze with someone who could assist him with lifting, and to avoid repetitive twisting and bending, Dr. Enweze sustained a traumatic injury in the workplace on February 29, 2022 that left him unable to work for many months.

28.     Prior to Dr. Enweze's requests for a reasonable accommodation and through the EEO investigative process, Dr. Enweze witnessed several physicians paired with other physicians while working in the Emergency Room.

**COUNT ONE**
**THE REHABILITATION ACT**
**Failure to Reasonably Accommodate/Failure to Engage in the Interactive Process**

29.     Dr. Enweze incorporates by reference all allegations contained in all paragraphs of the Complaint as if more fully set forth herein.

30.     At all times relevant to this Complaint, Dr. Enwezewas an employee and Defendant was an employer within the meaning of Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*

31.     Section 501 of the Rehab Act incorporates certain provisions of the Americans with Disabilities Act ("ADA"), as amended ("ADAAA"), relating to employment discrimination, and expressly prohibits employers from discriminating against an otherwise qualified individual with a disability.

32.     During all times specified in the Complaint that are relevant to this Lawsuit, Dr. Enweze was an individual who suffered from traumatic lower back injury with bilateral Sciatica and Traumatic knee injury which limited his ability to sit or stand for long periods of time without significant pain, limited his ability to twist and bend, and caused him chronic pain the severity of which would flair up.

33.     These and other conditions and impairments constituted disabilities, either in whole or in part, which substantially limited one or more of Dr. Enweze's major life activities. Dr. Enweze was therefore a qualified individual with a disability as that term is defined by the ADA as amended by the ADAAA, and as recognized by the Rehab Act.

34.     Defendant and its agents knew of Dr. Enweze's disabilities and regarded and perceived Dr. Enweze as an individual with a disability which substantially limited one or more of his major life activities. Additionally, Defendant and its agents knew that Dr. Enweze had developed a record of having a disability. Dr. Enweze was, therefore, a qualified individual with a disability as that term is defined by the ADA, as amended by the ADAAA, and as recognized by the Rehab Act.

6

35.    During all times as set forth in the Complaint and relevant to the Lawsuit, Defendant and its agents and employees: (a) have engaged in unlawful employment practices against Dr. Enweze on the basis of his disabilities; (b) have repeatedly failed to promptly engage in the interactive process of accommodation; and (c) have unreasonable refused reasonable accommodations in violation of the ADA, and as recognized by the Rehab Act.

36.    Notwithstanding Dr. Enweze's repeated requests for a reasonable accommodation, Defendant failed to promptly engage in the interactive process and failed to reasonably accommodate Dr. Enweze.

37.    Dr. Enweze repeatedly addressed management's failure to address his requests and his need for an accommodation.

38.    The discrimination against Dr. Enweze caused him to sustain and continue to sustain damages, including but not limited to, a workplace injury, physical and emotional pain, mental anguish, loss of income and other economic benefits, all justifying an award of compensatory damages.  Dr. Enweze has been harmed economically and has also experienced impairment of his future earning capacity.

39.    The actions of Defendant were done in disregard of the protected rights of Dr. Enweze.

WHEREFORE, Dr. Enweze demands judgment against Defendant and seeks the following relief:

      A.    Back pay, front pay and other economic damages;

      B.    Compensatory damages;

      C.    Prevailing party attorneys' fees, expenses, and costs;

      D.    Pre and Post-Judgment interest; and

E.      equitable relief.

## COUNT TWO
## THE REHABILITATION ACT
### Interference

40.      Defendant interfered with Dr. Enweze's rights under the Rehab Act by denying his requests for a reasonable accommodation, failing to engage in the interactive process, taking actions to dissuade Dr. Enweze from seeking protections under the Rehab Act, and taking actions to dissuade Dr. Enweze from asserting his rights under the Rehab Act.

41.      Defendant's interference against Dr. Enweze caused him to sustain damages, including but not limited to, physical and emotional pain, mental anguish, humiliation and embarrassment, loss of income and other economic benefits, justifying an award of compensatory damages.

42.      The actions of Defendant were done in disregard of the protected rights of Dr. Enweze.

WHEREFORE, Dr. Enweze demands judgment against Defendant and seeks the following relief:

A.      Back pay, front pay and other economic damages;

B.      Compensatory damages;

C.      Prevailing party attorneys' fees, expenses, and costs;

D.      Pre and Post-Judgment interest; and

E.      Equitable relief.

## DEMAND FOR TRIAL BY JURY

Dr. Enweze demands a trial by jury in this action.

Respectfully Submitted,

/s/ Timothy W. Romberger

_____

Timothy W. Romberger
D.C. Bar No. 458225
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C.  20046
(202) 248-5053
(703) 582-6494 Cell
timromberger1@comcast.net

-And-

/s/ Ruth Ann Azeredo

_____

Ruth Ann Azeredo
1997 Annapolis Exchange Parkway
Suite 300
Annapolis, MD  21401
(410) 558-1915
(410) 558-1917 Fax
ruthazeredo@comcast.net
*To be Admitted Pro Hac Vice*

Date: March 15, 2023